FILED by PG D.C.
JUL 3 0 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| United State District Court | District: 15-CV-14267-Middlebrooks/White |
| Name (under which you were convicted): Barrington Levy | Docket Case No.: |
| Place of Confinement: Okeechobee Correctional Institution<br>3420 N.E. 168th Street<br>Okeechobee, Florida 34972 | Prisoner No.: C01276 |
| Petitioner (include the name under which you were convicted)<br><br>Barrington, Levy v. | Respondent (authorized person having custody of petitioner)<br><br>JULIE JONES, Secretary<br>Department of Corrections |
| The Attorney General of the State of Florida Pamela Jo Bondi | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court of the 19th Judicial Circuit

   (b) Criminal docket or case number (if you know): 562004CF002713A

cat / div 530/2254/FT.P
Case #
Judge ______ Mag WHITE
Motn Ifp NO Fee pd $ 0
Receipt #

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: September 14 2007

3. Length of sentence: 3 Natural Life W/O Parole plus 50 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:

   (Count 1) Assault on Leo: 5 years
   (Count 2) Injuring or killing police dog: 15 years
   (Count 3) Carjacking W/F: Life
   (Count 4) Kidnapping W/F: Life
   (Count 5) Burglary of Con/Armed: Life
   (Count 6) Resisting Arrest W/F: 15 years
   (Count 7) Possession of Firearm by Juvenile: 15 years

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Fourth District Court of Appeal

(b) Docket or case number (if you know): 4D07-4117

(c) Result: Denied

(d) Date of result (if you know): January 28, 2011

(e) Citation to the case (if you know): Levy v. State, 50 So.3d 1218 Fla.

(f) Grounds raised:

1. The trial court reversibly erred in denying Appellant's Motion for Mistrial.

2. The trial court reversibly erred in denying Appellant's request for additional peremptory challenges.

3. The trial court reversible erred in denying Appellant's Motion to Suppress.

(g) Did you seek further review by a higher state court? Yes ☐ No ☒

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: District Court of Appeal

(2) Docket or case number (if you know): 4D12-985

(3) Date of filing (if you know): March 5, 2012

(4) Nature of the proceeding: 9.141(c) Fla.R.App.P.

(5) Grounds raised:

1. Appellant Counsel failed to argue trial court erred in denying Defendant Motion to Disqualify State Attorney Office.

2. Appellant Counsel failed to argue trial court erred in denying Defendant's request for independent act/special jury instructions.

3. Appellant Counsel failed to argue trail court erred in acquittal Defendant's on Count 4 and 5 of the incorrect information, which was read to the jury.

4. Appellant Counsel failed to argue trial court erred in excluding evidence of bias, motive of the state witness.

5. Appellant Counsel failed to argue trial court erred in not striking jury panel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☒

(7) Result: Denied

(8) Date of result (if you know): May 18, 2012.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: St. Lucie County Court

(2) Docket or case number (if you know): 562004CF002713A

(3) Date of filing (if you know):

(4) Nature of the proceeding: 1st 3.800(a)

(5) Grounds raised: Sentence is cruel and unusual punishment to sentence Petitioner to a 3 life natural W/O parole plus 50 because it was his first adult offense and Petitioner was 18 years of age, a teenager.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☒

(7) Result: Denied

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: St. Lucie

(2) Docket or case number (if you know): 562004CF002713A

(3) Date of filing (if you know):

(4) Nature of the proceeding: Postconviction Relief (3.850)

(5) Grounds raised: (1) Ineffective Assistance of Counsel for not investigation witness Rose Harrison; (2) Ineffective Assistance of Counsel for failing to state actual prejudice in Motion that would have been granted.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☒

(7) Result: Denied

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☒ No ☐

(3) Third petition: Yes ☒ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: No written opinion was given to go to Florida Supreme Court for review for first petition 9.141(c).

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR DISQUALIFICATION OF THE STATE ATTORNEY'S OFFICE, PURSUANT TO: FLORIDA BAR RUES OF PROFESSIONAL CONDUCT RULE 4-17 [CONFLICT OF INTEREST: GENERAL RULE] U.S. CONSTITUTION 14TH AMENDMENT [DUE PROCESS U.S. CONST. ABA CRIMINAL JUSTICE STANDARDS. (TRIAL RECORD PG. 5-14 – ALSO SEE MOTION TO DISQUALIFY STATE ATTORNEY OFFICE).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Elected State Attorney who filed a false charge and charges on Petitioner which was allegedly against State Attorney (son) was a [conflict of interest] and one of the charge was later dismissed after trial. Furthermore, the Petitioner was shot (5) times by the State Attorney (son) in which the same office investigated the shooting all evidence was in conflict. The Petitioner was a teenager at the time. The Petitioner did not have a disinterested Prosecutor The motion filed was made pursuant to: Florida Bar Rules of Professional Conduct Rule 4-17 [conflict of interest: General Rule]; Florida Bar Rules of Professional Conduct 4-1/11] special conflicts of interest for former and current government officers and employees] Florida Constitution, Article I, 16 Rights of accused rights to a fair trial, U.S. Const. 14 Amendment [due process U.S. Cont ABA Criminal Justice Standards, 3-1.13 conflict of interest Petitioner requested that "a neutral unbiased State Attorney's Office in a disinterested prosecutor from any other Judicial Circuit in the State of Florida that did not already have a vested interest in the outcome of the case be appointed, to investigate and prosecute the case. Florida Statute 27.14 – assign State Attorney's to other Circuits and Florida Statute 25:15 (See Motion filed). The amount of charges was done to justify his son's shooting and by any means necessary he wanted a conviction; [redacted].
If the Court deny this claim, in the alternative will the Court consider the ineffective assistance of counsel claim for failing to state: within the motion actual prejudice: that the State's Attorney's Office was withholding or destroyed physical evidence that proves the co-defendant was the main aggressor and Petitioner was innocent of Counts 3, 4, and 5. The trial judge was disqualified for being partial and unconstitutional bias to Petitioner which the successor Judge denied the motion stated he "agree that a prosecutor should not participate in a case where personal interest would cause a conflict of evidence, however, with respect to this motion there has been no evidence presented of anything, much less actual prejudice." (Trial record pg. 13 line 23–pg. 14 line 1-3) This is a violation of Petitioner's 5th, 6th, and 14th Amendment of the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground One, explain why: Yes

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel failed to. Was raised on 9.141(c) ineffective appellate Counsel and 3.850 Post Conviction.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 Post Conviction Relief / Habeas Corpus

Name and location of the court where the motion or petition was filed: 19th Judicial Circuit in St. Lucie County at 700 Ft. Pierce, Florida 34950/District Court of Appeal at 1515 Flagler Drive, West Palm Beach, Florida

Docket or case number (if you know): 562004002713 / 4D07-4117

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal at 1515 Flagler Drive, West Palm, Florida

Docket or case number (if you know): 4D14-3918

Date of the court's decision: 1/8/2015

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No written opinion was given by Court for the Habeas Corpus Motion.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** THE TRIAL COURT ERRED IN EXCLUDING EVIDENCE OF BIAS, MOTIVE, INTEREST. PETITIONER'S RIGHT OF THE SIXTH AMENDMENT TO THE U.S. GUARANTEE A DEFENDANT "THE RIGHT TO A FULL AND FAIR OPPORTUNITY TO CROSS-EXAMINE PROSECUTION WITNESS IN ORDER TO SHOW THEIR BIAS OR MOTIVE TO BE UNTRUTHFUL, AS WELL AS THE CONTRADICTION CLAUSE. (TRIAL RECORD PG. 454 LINE 6- PG. 458 LINE 19). (TRIAL RECORD PG. 460 LINE 24- PG 463 LINE 10).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner Defense was that Clemen Sneed Carjacked, Kidnapped Roman Gandy, Sneed wanted a car to go kill "CJ" who is unknown to Petitioner. Petitioner was with Sneed, and Sneed just up and carjacked Gandy out of nowhere. It wasn't until after the carjacking had occurred the Petitioner found out the reason for Sneed's action. Gandy stated that it was two people, but one was mute wasn't saying anything (Trial Record Pg. 3

Line 13). The person with the gun was doing all the talking. Sneed stated to the police that "CF" pulled a pistol on him earlier that day. (Record pg 3 line 16 pg. 4 line 1-12). This was Sneed's motive of borrowing Gandy's car (T.T. Pg 385 Ln. 16-25). Witness Rose Harrison stated that someone came to her house in the plaza looking for "CJ" and that person whom she can't see was acting suspicious so she called police (Interview pg. 2 line 3). The incident ended in the Plaza. Ms. Rose Harrison called lead to the police getting behind the car Petitioner was in. in which the carjacking, was unknown to Deputy at the time. Sneed and "CJ" hang-out in the Plaza at Rose house. Sneed testified the he was just joy-riding which is not true. (Pg. 446 Ln. 14-Pg. 447 Ln. 13 Pg. 448 Ln. 18-Pg. 449 Ln. 3) The Petitioner was prohibited from impeaching the chief witness of motive, for being in the Plaza and committing the crime. Petitioner did not know Rose nor CJ, nor does he hang in the Plaza area. Petitioner had not motive to commit the crime against Gandy. Which was the motive of co-defendant Sneed falsely testifying in the Petitioner's trial, also his motive for testifying was to avoid the prosecution for these crimes he actually committed against Gandy. A violation of Petitioner's 6th Amendment U.S. Const. and Confrontational Clause.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction. did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal. explain why: Appellant Counsel failed to.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus 9.141(c)

Name and location of the court where the motion or petition was filed: DCA at 1515 Flagler Drive, West Palm Beach, Florida

Docket or case number (if you know): 4D12-985

Date of the court's decision: May 18, 2012

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No written opinion was given.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None

**GROUND THREE:** TRIAL COURT ERROR IN DENYING PETITIONER'S REQUEST FOR INDEPENDENT ACT/SPECIAL JURY INSTRUCTION WHERE THE STANDARD JURY INSTRUCTION GIVEN DID NOT ADEQUATELY INSTRUCT JURORS REGARDING ACTS PERFORMED BY THE CO-DEFENDANT (TRIAL RECORD PG. 1058 LINE 13 PG. 1060 LINE 3). THE INSTRUCTIONS REQUESTED WHERE SUPPORTED BY THE FACTS THAT WAS PRESENTED AT TRIAL AND BY EVIDENCE THAT WAS EXCLUDED FROM AND NOT PRESENTED AT TRIAL. APPELLATE COUNSEL FAILED TO RAISE THIS ON DIRECT APPEAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the Petitioner's testimony in court, he explained that he did not point a gun at Gandy, nor did he say anything to Gandy, or assist in the crime against Gandy. (Interview pg. 33 line 11-pg. 34 line 1). (Trial Record pg. 918-line 1-pg. 919 line 9). Petitioner explained that the situation he was placed in was not his intentions that night. Sneed was the actual perpetrator who did the crime to borrow Gandy's car to kill "CJ" for pulling a pistol on him earlier that day. (See Trial Record Pg. 385 Ln. 16-25) These facts were unknown to Petitioner at the time Clemon Sneed pointed the gun at Gandy nor does Petitioner know who CJ is. Gandy was unable to identify the assailant (Trial Record pg. 386 ln. 5-24). Gandy testified that one of the two men wasn't doing or saying anything. (Trial Record pg. 385 line 10) and (Deposition taken on April 27th, 2005). Witness by the name Rose Harrison stated in interview that a guy came to her house looking for "CJ" Sneed testified that the Petitioner committed a crime and he was just going joy riding, which is not true. This crime has a motive to it and Sneed had the motive, not the Petitioner. (T.T. Pg. 846 Ln. 2-18) (Trial Record pg. 446 line 12-pg. 449 line 6). The trial court's failure to instruct the jury on the independent act/special jury instruction violated Petitioner's 5th and 6th. Amend; 14th Amendment of the U.S. Constitution. Fair trial, due process.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: Appellant Counsel failed to raise on Direct Appeal

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus 9.141(c)

Name and location of the court where the motion or petition was filed: DCA at 1515 Flagler Drive, West Palm Beach, Florida.

Docket or case number (if you know): 4D12-985

Date of the court's decision: May 18, 2015

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No opinion was given to go to the Florida Supreme Court.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION TO STRIKE THE JURY PANEL. (TRIAL RECORD PG. 332 LINE 22-PG. 333 LINE 9). PETITIONER WAS FORCED TO GO TO TRIAL WITH PARTIAL JURY – APPELLATE COUNSEL FAILED TO RAISE. PETITIONER'S 6TH AND 14TH U.S. CONSTITUTION AMENDMENT WAS VIOLATING HIS RIGHT TO A FAIR JURY AND TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel told the Court he was not accepting jury panel immediately before jury was sworn (Trial Record pg. 333 line 9). Petitioner objected to prosecution voir dire multiple times. (Trial Record pg. 142 line 22-pg. 144 line 3; pg. 145 line 22-pg. 147 line 6; pg. 149 line 17-pg. 151 line 2, pg. 154 line 17-pg. 156 line 7). Petitioner's case was involving a crime allegedly against law enforcement officer, which was dismissed when the trial was over. Over 90% of the panel was related to law enforcement in the first or second degree, including jurors that served, that counsel objected to. And was also victim of crimes. (Trial Record pg. 75 line 10, pg. 77 line 14, 72 line 4, pg. 79 line 2, pg. 112 line 10-12, pg. 220 line 3, pg. 221 line 10, pg. 223 line 19, pg. 226 line 15, pg. 228 line 15, page 237 pg. 240 line 24).
Petitioner was forced to go to trial with a jury who raised doubt in being impartial. The Petitioner was denied the right to a fair and impartial jury, and fair trial violation of his 6th and 14th Amendment U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellant Counsel failed to raise in Direct Appeal.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state

trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus 9.141(c)

Name and location of the court where the motion or petition was filed: DCA at 1515 Flagler Drive, West Palm Beach, Florida.

Docket or case number (if you know):

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No written opinion was given.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**GROUND FIVE:** TRIAL COURT ERRED IN NOT ACQUITTING PETITIONER ON COUNT 4 AND 5 OF THE INFORMATION WHERE THE INFORMATION WAS SO VAGUE, AND INDEFINITE AND CERTAIN THAT IT EMBARRASSED THE PETITIONER IN THE PREPARATION OF HIS DEFENSE. APPELLANT COUNSEL FAILED TO RAISE THIS ON DIRECT (TRIAL RECORD PG. 847-848).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The information in Count 4 and 5 does not set forth e essential elements of the offense charged. Statement of particulars was filed

and Motion to Dismiss. Count 4 does not describe the felony in which the Petitioner allegedly intended to commit or facilitate in the commission of. Count Five (5) is vague by using the term "and / or" at the same time. The use of the term "and/or' in the allegations in Count 4 and 5 of the information make the charges so vaguely indistinct, indefinite and confusing that makes in impossible to prepare a defense. Count Five (5) of the information double jeopardy the Petitioner. (Trial Record Pg. 878-888) (See Information) There is no evidence of inflicting of bodily or terrorizing a victim. (T.T. 385 Ln. 11-24) Violation of Petitioner's 5th, 6th and 14th Amendment of the U.S. Constitution and Section 16 of the Florida Constitution to be informed of the charges. The Petitioner was charged twice for the saem offense. You can't take a car without getting in it. The getting in it and the taking, is the same offense of carjacking. Burglary would be a lesser-included offense. (Trial Record pg ) This information highly indefinite the Petitioner in preparation of his defense.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellant Counsel failed to raise in Direct Appeal.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state

trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus 9.141(c)

Name and location of the court where the motion or petition was filed: DCA at 1515 Flagler Drive, West Palm Beach, Florida.

Docket or case number (if you know):

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No written opinon was given.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

**GROUND SIX:** THE PETITIONER'S COUNSEL FAILED TO INVESTIGATE AND CALL A WITNESS (ROSE HARRISON) THAT HELP PROVES THE PETITIONER THEORY OF DEFENSE, PROVES PETITIONER STOP WAS INVALID, AND PROVES STATE'S MAIN 2 WITNESS MADE CRITICAL HIGHLY PREJUDICED FALSE TESTIMONY. THE WITNESS WAS AVAILABLE FOR TRIAL. PETITIONER'S 4th, 6TH, AND 14TH, AMENDMENT OF THE U.S. CONSTITUTION WAS VIOLATED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner told Counsel to investigate witness Rose Harrison who, called police the night and stated there was a suspicious car that came by her house looking for "CJ". (See Rose Harrison interview pg. 4 line 1-13). She never stated that she saw any crime, but that something was suspicious, and that she heard gunshots coming from the street behind her where the suspicious car went (Sterling Blvd.). Interview pg. 4 line 13-16). She seen the patrol car get behind the car that petitioner was in, and activated his emergency light on Excess Drive. While she was on the phone with Dispatch. (Interview pg. 5 line 2-7). The Deputy made false statement that he never activated his lights until the car started to pick up speed on Tropic Blvd. (Deposition pg. 3 line 16-pg. 4 line 1) and (Trial Record pg. 469, line 1-11). If the witness was investigate and deposition then called as a defense witness before trial, there is a great possibility all evidence would have been suppressed as Fruit of the Poisonous Tree. Under "illegal stop" and Count 3, 4, and 5 was unknown to Deputy LeRoy prior to the stop; and Count 1, 2 and 6 did not even occur prior to the stop. Rose Harrison would have testified that (1) she knew "CJ" and Clemons Sneed (2) she did not know Petitioner (3) That the Patrol Car immediately turned on its emergency light upon getting behind the car Petitioner was in on Essex not on Tropic Blvd. as the Deputy LeRoy falsely stated and testified at trial (4) She never saw a crime being committed.

[NOTE]: The Petitioner trial record was alter, or just a human error in which the Petitioner is in the process in getting the record corrected. The alter or erroneous record was used in trial court to rebut Petitioner's claim on Appeal in trial court on his 3.850 postconviction relief, it wasn't until then Petitioner realized the record was altered or in error. (Trial Record pg. See Exhibit) Motion is now pending in trial court to have the record corrected.

(b) If you did not exhaust your state remedies on Ground Six, explain why:

(c) Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective trial counsel does not get raised on direct.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief Motion

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): 562004CF002713A

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition? Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☒No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DCA at 1515 Flagler Drive. West Palm Beach, Florida.

Docket or case number (if you know):

Date of the court's decision:
Result (attach a copy of the court's opinion or order. if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No written opinion was given.

(e) Other Remedies: Describe any other procedures (such as habeas corpus. administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:

**GROUND SEVEN:** THE TRIAL COURT REVERSIBLE ERRED ON DENYING PETITIONER REQUEST FOR ADDITIONAL PEREMPTORY STRIKES AFTER IMPROPERLY DENYING PETITIONER CHALLENGES FOR CAUSE. PETITIONER PROPERLY PRESERVED THE ISSUE. BY USING ALL OF HIS PEREMPTORY STRIKES, REQUESTING ADDITIONAL STRIKES, AND IDENTIFYING A SPECIFIC JUROR HE WOULD STRIKE. THAT SPECIFIED JURY ALSO SERVED ON THE JURY. PETITIONER ALSO REFUSED TO ACCEPT THE PANEL BEFORE THE JURY WAS SWORN (TRIAL RECORD PG. 332 LINE 22-PG. 533 LINE 9). PETITIONER WAS REQUIRED TO USE ALL OF HIS PEREMPTORY CHALLENGES TO STRIKE OTHER PROSPECTIVE JURORS AFTER THE COURT DENIED PETITIONER'S CAUSE CHALLENGES. PROSPECTIVE JUROR CAHILL SHOULD HAVE BEEN STRICKEN FOR CAUSE BASED ON THIS EQUIVOCAL ANSWERS TO QUESTIONS AND REASONABLE DOUBTS AS TO HIS IMPARTIALITY AND LACK OF BIAS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During jury selection, a prospective juror. Mr. Cahill. stated that his brother-in-law was a police officer (Trial Record pg. 221-222). Cahill was asked would he give the government a little less proof because a Police Officer was involve. He answered "No. not really." (T.T. Pg. 222 Ln. 10-14). Petitioner moved to strike Mr. Cahil for cause, which was denied. (Trial Record 324-327) Appellant then moved to strike prospective juror Amy Grevlich for cause because she said that her brother had been murdered. (Trial Record pg. 327, See pg. 77, 174. 228, 281). The Court denied the cause challenge but granted Petitioner an additional

peremptory strike (Trial Record pg. 329). Petition used the strike on Ms. Grevlich (Pg. 330) Petitioner moved to strike juror Cummings for cause which was granted (Pg. 330). Petitioners then requested an additional preempted challenge to strike juror, Linda Stewart (Trial Record Pg. 329 Line 240-331 Line 115, 102, 217). The Motion was denied, and Ms. Stewart served on the jury (Pg. 331, 335, 497). Before the jury was sworn, Petitioner renewed his objections and refused to accept the panel (Trial Record 331). Petitioner's right to a fair and impartial jury were violated U.S. Const: Art. I, 9 and 16. Fla. Const. 6th and 14th Amendment U.S. Const.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:

(c) Direct Appeal of Ground Seven:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:

**GROUND EIGHT:** THE TRIAL COURT REVERSIBLY ERRED IN DENYING PETITIONER'S MOTION FOR MISTRIAL AFTER THE STATE PLAYED A PORTION OF PETITIONER'S STATEMENT TO THE JURY AFTER THE COURT HAD ORDERED IT REDACTED. (TRIAL RECORD PG. ).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court erred by denying Petitioner's Motion for Mistrial after the State introduced comments by Detective Colangelo regarding Petitioner's truthfulness which were contained in Petitioner's tape recorded statement. Petitioner's taped statement was admitted into evidence after the denial of a defense Motion to Suppress. (Trial Record Pg. 790-741). However, the State played this portion to the jury and Appellant moved for mistrial. The State conceded that it had missed this redaction but said it as inadvertent (Pg. 795). The court denied the Motion for Mistrial and offered a curative instrucitn which was declined (Pg. 804). The statement as inadmissible hearsay and also allowed Detective Colangelo, a witness in the trial, to give an opinion on Appellant's truthfulness, and also, a witness in the case, to comment on Petitioner's credibility. Detective Colangelo: "I think that you're telling the truth about the carjacking. I think that, I don't think that it was all you. I think it was him, too. I think that you guys were in that together. I don't think you're telling the truth about having the gun the whole time because." The Detective's testimony was error reviewable as impacting Petitioner's right to a fair trial, therefore, implicating his basis due process rights. 5th 6th and 14th Amendment of the U.S. Constitutions.

(b) If you did not exhaust your state remedies on Ground Eight, explain why:

(c) Direct Appeal of Ground Eight:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

(3) Did you receive a hearing on your motion or petition? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? Yes ☐No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: The highest in State is Florida Supreme Court. I was not given a written opinion for neither claim to take the claim to that Court all Claim was final at the District Court of Appeal.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☒ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☒ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Motion to Correct Illegal Sentence, where the sentence was errorly reclassified, double jeopardy, and running sentence concurrent, and consecutive at the same time in the same episode. 3.850 Motion to Correct Illegal Sentence, where the sentence was illegal and unconstitutional to sentence a juvenile to life without parole for a non-homicide offense, where Defendant was 18.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: N/A

(c) At trial: Mr. Daniel Cirener

(d) At sentencing: Mr. Daniel Cirener

(e) On appeal: John M. Conway

(f) In any post-conviction proceeding: Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

1. January 28, 2011, was the mandate form Direct Appeal, but Petitioner never received a copy. On 4/21/2011 Petitioner requested a mandate from the Clerk of the Court. (See Exhibit ) Time tolled. No mandate received.
2. 1-year period did not start until April 28, 2011 (See Bond v. Moore, 309 F.3d 770 (11th 2002).
3. 5/12/2011 Petitioner filed a Motion to Correct Illegal Sentence-3.800 which tolled the time.
4. 6/6/2011 Court's denied Motion 3.800(a) 25-day
5. 7/1/2011 Petitioner filed Notice of Appeal-time tolled
6. March 5, 2012 Petitioner's habeas corpus for ineffective appellate assistance. Time tolled.
7. May 18, 2012 Petitioner habeas corpus was affirmed.
8. July 11, 2012 Petitioner's 3.800(a) was denied in the District Court of Appeal.
9. Petitioner filed a rehearing thereupon the DCA denial on. Time tolled.
10. September 7, 2012 Petitioner rehearing was denied. Mandate was issued September 28, 2012.
11. 11/02/12 Petitioner filed his first 3.850 Postconviction Relief. Time tolled.
12. 1/18/13 Petitioner motion (3.850) was dismissed to refile.
13. 1/25/13 Petitioner filed his 2nd 3.850 Motion. Time tolled.
14. 4/15/13 Petitioner's 2nd 3.850 Motion was dismissed to re-file.
15. 5/16/13 Petitioner's 3rd 3.850 Motion was filed. Time tolled.
16. 1/23/14 Petitioner's 3rd 3.850 Motion was dismissed to re-file.
17. 3/19/14 Petitioner's 4th 3.850 Motion was filed. Time tolled.

18. 9/16/14 Petitioner's 4th 3.850 Motion was denied.
19. 9/26/14 Petitioner filed Motion for Re-hearing on 3.850 Time tolled.
20. 10/10/14 Notice of Appeal was filed. Time tolled.
21. 10/30/14 Petition for Rehearing was striking.
22. 12/02/14 Petitioner filed a 2nd 3.800(a). Time tolled.
23. 1/8/15 Petitioner's 3.850 Postconviction was denied in the DCA. 1/20/15 Petitioner filed a Motion for Rehearing on the 3.850 Motion in the DCA. Time tolled.
24. 2/5/15 The Re-hearing was denied in the DCA.
25. Petitioner's 3.800 is still pending at this time which is tolling the 1-year window period.
26. Petitioner's Appealed to Supreme Court of Florida 3/12/15 but was dismissed determine that Court is without jurisdiction because no opinion was given.
27. 4/22/15 3.800(a) was dismissed to re-file in 60 days.
28. May 5, 2015 Petitioner filed another 3.800(a) is now pending.
29. Even if this Court determines that one year window period started January 28, 2011 the Petitioner is still in the window period without the (90 days to seek review from the Florida Supreme Court) Petitioner still has 85 days to file.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Dismiss Count 3,4 and 5 of Petitioner information and/or Grant a New trial on all counts in another Judicial Circuit / Emergency release Petitioner.

or any other relief to which petitioner may be entitled.

______________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this 24 day of July 2015.

Executed (signed) on this 24 day of July (date).

Barrington Levy
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Fourth District Court of Appeal
P.O. Box 3315
West Palm Beach, Florida 33402
(561)-242-2000

# ACKNOWLEDGMENT OF NEW CASE

DATE: October 22, 2007

STYLE: BARRINGTON LEVY v. STATE OF FLORIDA

4DCA#: 4D07-4117

The Fourth District Court of Appeal has received the Notice of Appeal reflecting a filing date of 10/12/07

The county of origin is St. Lucie.

The lower tribunal case number provided is 562004CF002713A✓

The filing fee is Not Required.

Case Type: Criminal Judgment and Sentence

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

Please review and comply with any handouts enclosed with this acknowledgment.

EDWIN M. FRY, JR.
CLERK OF CIRCUIT COURT
ST. LUCIE COUNTY, FL
2007 OCT 29 AM 7:55

cc: State Attorney-S.L. Public Defender-S.L. Daniel S. Ciener
Attorney General-W.P.B.

Filed Date: 01/31/2011

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Robert M. Gross, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

| | |
|---|---|
| **DATE:** | January 28, 2011 |
| **CASE NO.:** | 4D07-4117 |
| **COUNTY OF ORIGIN:** | St. Lucie |
| **T.C. CASE NO.:** | 562004CF002713A |
| **STYLE:** | BARRINGTON LEVY v. STATE OF FLORIDA |




Marilyn Beuttenmuller
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

**ORIGINAL TO:** Joseph E. Smith, Clerk
**cc:**
Public Defender-P.B. Attorney General-W.P.B.

km

Exhibit A

Fourth District Court of Appeal
1525 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33401
(561)-242-2000

**ACKNOWLEDGMENT OF NEW CASE**

DATE: July 22, 2011

STYLE: BARRINGTON LEVY v. STATE OF FLORIDA

4DCA#: **4D11-2663**

The Fourth District Court of Appeal has received the Notice of Appeal reflecting a filing date of 7/1/11

The county of origin is St. Lucie.

The lower tribunal case number provided is 562004CF002713A

The filing fee is No Fee-3.800.

Case Type: Criminal 3.800 Summary

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

Please review and comply with any handout enclosed with this acknowledgment

cc: State Attorney-S.L. Barrington Levy Attorney General-W.P.B.

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

July 27, 2011

**CASE NO.: 4D11-2663**
L.T. No. : 562004CF002713A

BARRINGTON LEVY v. STATE OF FLORIDA

Appellant / Petitioner(s), Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

ORDERED that appellant's motion to correct illegal sentence on appeal filed July 25, 2011, is hereby treated as appellant's initial brief.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Barrington Levy **Attorney General-W.P.B.

** copy
al

Marilyn Beuttenmuller
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal



Fourth District Court of Appeal
1525 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33401
(561)-242-2000

**ACKNOWLEDGMENT OF NEW CASE**

DATE: March 21, 2012

STYLE: BARRINGTON LEVY v. STATE OF FLORIDA

4DCA#: 4D12-985

The Fourth District Court of Appeal has received the Petition reflecting a filing date of 3/5/12

The county of origin is St. Lucie.

The lower tribunal case number provided is 562004CF27134

The filing fee is No Fee-Ineffective Assistance of Counsel.

Case Type: Petition - Ineffective Assistance of Counsel Criminal

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

Please review and comply with any handouts enclosed with this acknowledgment.

cc: Barrington Levy Attorney General-W.P.B.

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

May 18, 2012

**CASE NO.: 4D12-985**
L.T. No. : 562004CF27134

BARRINGTON LEVY v. STATE OF FLORIDA

Appellant / Petitioner(s), Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

ORDERED that the petition for writ of habeas corpus for ineffective appellate assistance filed March 5, 2012, is hereby denied on the merits.

MAY, CJ., GERBER and LEVINE, JJ., concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Barrington Levy Attorney General-W.P.B.

pb

MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2012*

**BARRINGTON LEVY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-2663

[July 11, 2012]

PER CURIAM.

*Affirmed.*

MAY, C.J., STEVENSON and TAYLOR, JJ., concur.

* * *

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562004CF002713A.

Barrington Levy, Daytona Beach, pro se.

No appearance required for appellee

***Not final until disposition of timely filed motion for rehearing.***

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

catch

September 7, 2012

**CASE NO.: 4D11-2663**
L.T. No. : 562004CF002713A

BARRINGTON LEVY v. STATE OF FLORIDA

Appellant / Petitioner(s), Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

ORDERED that this court denies appellant's motion for rehearing. The denial is without prejudice to appellant challenging his life sentences in the trial court upon the filing of an appropriate motion while being mindful of the trial court's warning regarding future frivolous filings. *Graham v. Florida*, .... U.S. ..., 130 S.Ct. 2011, 176 L. Ed.2d 825 (2010).

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Barrington Levy Attorney General-W.P.B.

kb

MARILYN BEUTTENMULLER, Clerk
**Fourth District Court of Appeal**

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida

WITNESS the Honorable Melanie G. May, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:** September 28, 2012

**CASE NO.:** 4D11-2663

**COUNTY OF ORIGIN:** St. Lucie

**T.C. CASE NO.:** 562004CF002713A

**STYLE:** BARRINGTON LEVY v. STATE OF FLORIDA

DISTRICT COURT OF APPEAL FOURTH DISTRICT SAT CITO SI RECTE STATE OF FLORIDA

Marilyn Beuttenmuller
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

**ORIGINAL TO:** Joseph E. Smith, Clerk
**cc:**
Barrington Levy Attorney General-W.P.B.

ms

**Fourth District Court of Appeal**
**1525 Palm Beach Lakes Blvd.**
**West Palm Beach, Florida 33401**
**(561) 242-2000**

# ACKNOWLEDGMENT OF NEW CASE

DATE: October 17, 2014

STYLE: BARRINGTON LEVY v. STATE OF FLORIDA

**4DCA#: 14-3918**

The Fourth District Court of Appeal has received the Notice of Appeal reflecting a filing date of October 10, 2014.

The county of origin is St. Lucie.

The lower tribunal case number provided is 562004CF002713A.

The filing fee is No Fee

Case Type: Criminal 3.850 Summary Final

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER and a physical address.

**As of May 1, 2013, attorneys are required to electronically file all documents at eDCA.4DCA.org.**

cc: Attorney General-W. P. B. Barrington Levy Clerk St. Lucie
State Attorney-S. L.

sp

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARRINGTON LEVY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3918

[January 8, 2015]

Appeal from order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562004CF002713A.

Barrington Levy, Okeechobee, pro se.

No appearance required for appellee.

PER CURIAM.

*Affirmed.*

WARNER, CIKLIN and CONNER, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

January 29, 2015

**CASE NO.: 4D14-3918**
L.T. No.: 562004CF002713A

BARRINGTON LEVY v. STATE OF FLORIDA

Appellant / Petitioner(s) — Appellee / Respondent(s)

## BY ORDER OF THE COURT:

ORDERED that appellant's motion for rehearing filed January 22, 2015 is stricken as not in compliance with Florida Rules of Appellate Procedure 9.420(b), (c) and (d) in that the certificate of service is incomplete. All certificates of service shall contain the name and physical address of the person served. You are hereby notified of the requirement to serve the Attorney General's Office with a copy of everything you file with this court. The address is:

Department of Legal Affairs
1515 North Flagler Drive, Suite 900
West Palm Beach, Florida 33401

Served:

cc: Attorney General-W. P. B. Barrington Levy

ms

Lonn Weissblum

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

DISTRICT COURT OF APPEAL
SAT CITO SI RECTE
FOURTH DISTRICT
STATE OF FLORIDA

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

January 29, 2015

**CASE NO.: 4D14-3918**
L.T. No.: 562004CF002713A

| BARRINGTON LEVY | v. | STATE OF FLORIDA |
|---|---|---|
| Appellant / Petitioner(s) | | Appellee / Respondent(s) |

**BY ORDER OF THE COURT:**

ORDERED that appellant's motion to correct motion for rehearing filed January 22, 2015 is stricken as not in compliance with Florida Rules of Appellate Procedure 9.420(b), (c) and (d) in that the certificate of service is incomplete. All certificates of service shall contain the name and physical address of the person served. You are hereby notified of the requirement to serve the Attorney General's Office with a copy of everything you file with this court. The address is:

Department of Legal Affairs
1515 North Flagler Drive, Suite 900
West Palm Beach, Florida 33401

Served:

cc: Attorney General-W. P. B. Barrington Levy

ms

Lonn Weissblum

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

DISTRICT COURT OF APPEAL · SAT CITO SI RECTE · FOURTH DISTRICT · STATE OF FLORIDA

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401**

February 26, 2015

**CASE NO.: 4D14-3918**
L.T. No.: 562004CF002713A

BARRINGTON LEVY v. STATE OF FLORIDA

Appellant / Petitioner(s) Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant's motion for rehearing filed February 5, 2015 is denied.

Served:

cc: Attorney General-W. P. B. Barrington Levy

kb

Lonn Weissblum

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

DISTRICT COURT OF APPEAL
SAT CITO SI RECTE
FOURTH DISTRICT
STATE OF FLORIDA

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Dorian K. Damoorgian, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:** March 20, 2015
**CASE NO.:** 14-3918
**COUNTY OF ORIGIN:** St. Lucie
**T.C. CASE NO.:** 562004CF002713A

**STYLE:** **BARRINGTON LEVY** v. **STATE OF FLORIDA**

DISTRICT COURT OF APPEAL
SAT CITO SI RECTE
FOURTH DISTRICT
STATE OF FLORIDA

Lonn Weissblum

LONN WEISSBLUM, Clerk
Fourth District Court of Appeal

Served:

cc: Attorney General-W. P. B.
State Attorney-S. L.
Barrington Levy
Clerk St. Lucie

ct

# Supreme Court of Florida

Office of the Clerk
500 South Duval Street
Tallahassee, Florida 32399-1927

JOHN A. TOMASINO
CLERK
MARK CLAYTON
CHIEF DEPUTY CLERK
KRISTINA SAMUELS
STAFF ATTORNEY

PHONE NUMBER: (850) 488-0125
www.floridasupremecourt.org

## ACKNOWLEDGMENT OF NEW CASE

March 12, 2015

RE: LEVY BARRINGTON vs. STATE OF FLORIDA

CASE NUMBER: 15-455
Lower Tribunal Case Number(s): 4D14-3918 ; 562004CF002713A

The Florida Supreme Court has received the following documents reflecting a filing date of 3/12/15.

Notice of Appeal

The above listed notice has been treated as a Notice to Invoke Discretionary Jurisdiction.

The Florida Supreme Court's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

tw
cc:
HON. PAMELA JO BONDI
BARRINGTON LEVY
HON. JOSEPH E. SMITH, CLERK
HON. LONN WEISSBLUM, CLERK
HON. ROBERT RUSSELL MAKEMSON, JUDGE

# Supreme Court of Florida

THURSDAY, MARCH 12, 2015

**CASE NO.:** 15-455
Lower Tribunal No(s).: 4D14-3918 ;
562004CF002713A

LEVY BARRINGTON vs. STATE OF FLORIDA

Appellant(s) Appellee(s)

Having determined that this Court is without jurisdiction, this case is hereby dismissed. See Jackson v. State, 926 So. 2d 1262 (Fla. 2006); Jenkins v. State, 385 So. 2d 1356 (Fla. 1980).

No motion for rehearing or reinstatement will be entertained by the Court.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

tw
Served:

HON. PAMELA JO BONDI
BARRINGTON LEVY
HON. JOSEPH E. SMITH, CLERK
HON. LONN WEISSBLUM, CLERK
HON. ROBERT RUSSELL MAKEMSON, JUDGE

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 08/29/2007 | JURY VERDICT - JURY RETURNED AND ANNOUNCED THEY HAD REACHED A VERDICT OF: CT. 7 - GUILTY OF - POSSESSION OF A FIREARM AFTER BEING FOUND DELINQUENT, F.S.790.231 ,F2 AS CHARGED. JURY EXCUSED WITH THANKS. DEFENDANT REMANDED THE CUSTODY OF THE SHERIFF PENDING SENTENCING WITH NO BOND. PRESENTENCE INVESTIGATION WAS WAIVED AND SENTENCING SET FOR 9/14/07 AT 9:00 AM. (SQ/DC) |
| 08/29/2007 | ORDERS - ORDER RE: CLOSING ARGUMENT FILED |
| 08/31/2007 | MOTION FILED - MOTION IN LIMINE TO PREVENT POSSIBLE PROSECUTOR MISCONDUCT FILED BY ATTY CIENER |
| 09/07/2007 | NOTICE OF COURT - NOTICE OF COURT DATE FOR SENTENCING HEARING ON SEPTEMBER 14, 2007 AT 9:00 AM. FILED |
| 09/09/2007 | DOCUMENT RECEIVED - VERDICT FORM FILED |
| 09/11/2007 | NO INFO - ANTHONY IVORY - FAILURE TO APPEAR AS A WITNESS FOR THE DEFENSE FILED |
| 09/13/2007 | DOCUMENT RECEIVED - COPY OF NO INFORMATION (WITNESS-ANTHONY IVORY) SENT TO S/O |

**IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT**
**ST. LUCIE COUNTY, FLORIDA**

**CASE HISTORY**



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 09/14/2007 | 9:00 AM SENTENCING HEARING - DEFENDANT APPEARED IN OPEN COURT WITH ATTY CIENER AND ATTY FRANKOWSKI. ASA ROMERO AND ASA HENDRICKS PRESENT. LETTER FROM THE DEFENDANT READ TO THE COURT. STATE WITNESSES SWORN AND TESTIFIED WERE SW#1: SHERIFF KEN MASCARA, SW#2: DET. MARK COLANGELO, DW#3: OFF. MICHAEL COLTON. ADELA LEVY ADDRESSED THE COURT ON THE DEFENDANT'S BEHALF. DEFENDANT WAS ADJUDICATED GUILTY ON ALL COUNTS AND WAS SENTENCED ON CT.1 TO: FIVE (5) YEARS DEPARTMENT OF CORRECTIONS WITH 1176 DAYS CREDIT TIME SERVED, CT.2: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE TO CT.1, CT.3: LIFE IN PRISON WITH A TEN (10) YEAR MINIMUM MANDATORY WITH 1176 DAYS CREDIT TIME SERVED TO RUN CONCURRENT WITH CT.1, CT.4 & 5: LIFE IN PRISON WITH 1176 DAYS CREDIT TIME SERVED-BOTH TO RUN CONCURRENT WITH CT.1, CT.6: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE TO CT.2, CT.7: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE WITH CT.6. $373.00 COURT COSTS, $24.00 COST OF PROSECUTION AND $50.00 COST OF INVESTIGATION TO THE SLCSO ORDERED AS A CIVIL LIEN. EM/DC **CLERK NOTE: CT.1 IS A F3 ON THIS CASE PER ASA ROMERO. |
| 09/14/2007 | DOCUMENT RECEIVED - CERTIFIED COPY OF UNIFORM COMMITMENT TO CUSTODY |
| 09/14/2007 | DOCUMENT RECEIVED - IN COURT DOCKET NOTES FOR 9/14/07, FILED |
| 09/14/2007 | FINAL JUDGMENT ORDER - RECORDED FINAL JUDGMENT FOR FINES, FEES, COSTS & ADDITIONAL CHARGES OR BOOK 2852 & 722 |
| 09/14/2007 | JUDGMENT & SENTENCE FILED - OR BOOK 2882 PAGE 1356-1372 |
| 09/14/2007 | SENTENCING GUIDELINES - FILED |
| 09/14/2007 | Sentencing Hearing DEFENDANT APPEARED IN OPEN COU |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 09/28/2007 | DOCUMENT RECEIVED - CERTIFIED COPY UNIFORM COMMITMENT TO CUSTODY |
| 09/28/2007 | MOTION FILED - MOTION TO WITHDRAW AS DEFENSE COUNSEL AND TO APPOINT PUBLIC DEFENDER FOR APPEAL FILED ATTY CIENER |
| 09/29/2007 | Document Received<br>VERDICT FORM FILED |
| 10/01/2007 | ORDERS - ORDER OF INDIGENCY AND APPOINTMENT OF PUBLIC DEFENDER FILED |
| 10/08/2007 | PD AFFADAVIT GRANTED |
| 10/10/2007 | DOCUMENT RECEIVED - CY ORDER OF INDIGENCY AND APPOINTMENT OF PUBLIC DEFENDER RETURNED UNDELIVERABLE FILED |
| 10/12/2007 | NOTICE OF APPEAL - FILED BY ATTY CIENER |
| 10/15/2007 | APPEAL NOTE - LETTER W/CERT. COPIES OF NOA AND ORDER OF INDIGENCY TO DCA, AG, PD15 |
| 10/16/2007 | APPEAL NOTE - DESIGNATION OF RECORD TO COURT REPORTER |
| 10/16/2007 | APPEAL NOTE - DIRECTIONS TO THE CLERK |
| 10/16/2007 | APPEAL NOTE - MOTION FOR ORDER OF INDIGENCY AND APPOINTMENT OF THE PUBLIC DEFENDER OF THE NINETEENETH JUDICIAL CIRCUIT |
| 10/16/2007 | APPEAL NOTE - STATEMENT OF JUDICIAL ACTS TO BE REVIEWED |
| 10/17/2007 | APPEAL NOTE - ORDER OF INDIGENCY AND APPOINTMENT OF THE PUBLIC DEFENDER |
| 10/26/2007 | APPEAL NOTE - COURT REPORTER'S ACKNOWLEDGMENT |
| 10/29/2007 | 4TH DCA ACKNOWLEDGMENT - 4D07-4117 |
| 11/06/2007 | 4TH DCA ORDER - 11/01/07-COURT REPORTER'S REQ FOR EXT OF TIME TO FILE TRANSCRIPTS-GRANTED -EXTENDED TO & INCLUDING 12/21/07; ROA DUE 20 DAYS AFTER REC OF TRANCRIPT 4D07-4117 |
| 12/18/2007 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $5,616.00/P. KEY |
| 12/18/2007 | TRANSCRIPTS |
| 12/21/2007 | APPEAL NOTE - ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/11/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $162.00/KEY |
| 01/11/2008 | APPEAL NOTE - DESIGNATION OF PD15 FOR APPELLATE PURPOSES |
| 01/11/2008 | TRANSCRIPTS |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 01/14/2008 | 4TH DCA ORDER - 01/09/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 01/14/2008 | APPEAL NOTE - SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/14/2008 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT THE RECORD AND TOLL TIME |
| 01/29/2008 | APPEAL NOTE - LETTER TO CLERK FROM AG RE: BLANK CD (CORRECTED CD SENT 2/05/08) |
| 05/14/2008 | 4TH DCA ORDER - 05/12/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED |
| 05/14/2008 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT RECORD AND TOLL TIME |
| 06/03/2008 | APPEAL NOTE - COURT REPORTER'S ACKNOWLEDGMENT |
| 06/12/2008 | 4TH DCA ORDER - 06/09/08 - COURT REPORTER'S REQUEST FOR AN EXTENSION GRANTED TO AND INCLUDING 7/13/08 |
| 06/18/2008 | MOTION FILED - STIPULATED MOTION TO RELEASE EVIDENCE FILED |
| 06/19/2008 | ORDERS - ORDER TO RELEASE EVIDENCE GRANTED FILED |
| 06/24/2008 | RECEIPT - RECEIPT FOR EVIDENCE FILED |
| 07/16/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $634.50/THOMAS |
| 07/16/2008 | APPEAL NOTE - SECOND SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 07/16/2008 | TRANSCRIPTS |
| 12/05/2008 | 4TH DCA ORDER - 12/03/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 12/05/2008 | MOTION FILED - COPY OF UNOPPPOSED MOTION TO SUPPLEMENT RECORD AND TOLL TIME |
| 12/09/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $180.00/THOMAS |
| 12/09/2008 | TRANSCRIPTS - MOTION TO SUPPRESS HEARING ON APRIL 25, 2007 |
| 12/11/2008 | APPEAL NOTE - THIRD SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/02/2009 | 4TH DCA ORDER - 12/30/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 01/06/2009 | APPEAL NOTE - COPY OF EXHIBIT LIST SENT TO 4TH DCA W/ORIGINAL EXHIBITS CHECKED AND NOTATION ON EXHIBITS RETAINED BY TRIAL COURT |
| 01/06/2009 | APPEAL NOTE - FOURTH SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 01/07/2009 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT THE RECORD ON APPEAL WITH THE ORIGINAL EXHIBITS AND TOLL TIME |
| 11/05/2009 | REQUEST - REQ FOR J&S BY DEFT SENT FILED |
| 01/31/2011 | MANDATE |
| 01/31/2011 | OPINION- AFFIRMED |
| 02/22/2011 | RECORD ON APPEAL RETURNED |
| 02/24/2011 | RETURNED 4TH SUPP. ROA-ALL EXHIBITS CHECKED RETURNED TO EVIDENCE CUSTODIAN |
| 02/24/2011 | TRANSCRIPTS |
| 04/21/2011 | REQUEST |
| 05/12/2011 | MOTION TO CORRECT ILLEGAL SENTENCE - 3.800A/ CC JUDGE/STATE |
| 05/16/2011 | MOTION TO CORRECT ILLEGAL SENTENCE - 3.800(A) |
| 06/06/2011 | MOTION TO CORRECT ILLEGAL SENTENCE - 3.800A2 BY DEFENDANT/ CC JUDGE AND STATE |
| 06/06/2011 | ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE AND ISSUING FRIVOLOUS AND ABUSIVE MOTIONS NOTICE |
| 07/01/2011 | DIRECTIONS TO THE CLERK |
| 07/01/2011 | MOTION FILED |
| 07/01/2011 | NOTICE OF APPEAL 4TH DCA |
| 07/08/2011 | SUMMARY LETTER |
| 07/27/2011 | 4TH DCA ACKNOWLEDGMENT |
| 03/06/2012 | REQUEST FOR MATERIALS |
| 10/01/2012 | 4TH DCA ORDER |
| 10/01/2012 | MANDATE |
| 10/01/2012 | OPINION- AFFIRMED |
| 11/02/2012 | CASE REOPENED FOR POST CONV RELIEF |
| 11/02/2012 | CIRCUIT JUDGE VAUGHN, DAN L: ASSIGNED |
| 11/02/2012 | MOTION FOR POST CONVICTION RELIEF FILED |
| 11/28/2012 | MOTION TO RE-FILE FOR POST CONVICTION RELIEF |
| 01/03/2013 | REQUEST FOR DISMISS OF MOTION |
| 01/18/2013 | REOPENED CASE CLOSED |
| 01/18/2013 | ORDER GRANTING: "REQUEST FOR DISMISS OF MOTION": AND DISMISSING: MOTION FOR POSTCONVICTION RELIEF |
| 01/25/2013 | CASE REOPENED FOR POST CONV RELIEF |
| 01/25/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 01/25/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 04/15/2013 | REOPENED CASE CLOSED |
| 04/15/2013 | ORDER DISMISSING MOTION FOR POSTCONVICTION RELIEF AND SUPPORTING MEMORANDUM OF LAW |
| 04/17/2013 | REQUEST DEFT |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

CIRCUIT CRIMINAL

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 05/20/2013 | CASE REOPENED FOR POST CONV RELIEF |
| 05/20/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 07/24/2013 | ORDER REQUIRING RESPONSIVE PLEADING |
| 09/17/2013 | REQUEST |
| 09/17/2013 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF |
| 09/19/2013 | DOCUMENT RECEIVED- STATES RESPONSE TO DEFT MOTION FOR POST CONVICTION RELIEF |
| 10/09/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 10/15/2013 | STATE'S SUPPLEMENTAL RESPONSE TO MOTION FOR POST CONVICTION RELIEF |
| 12/31/2013 | NOTICE |
| 01/22/2014 | REOPENED CASE CLOSED |
| 01/23/2014 | ORDER DISMISSING MOTION FOR POST-CONVICTION RELIEF |
| 03/19/2014 | MOTION FOR POST CONVICTION RELIEF |
| 03/28/2014 | DOCUMENT RECEIVED |
| 05/05/2014 | ORDER REQUIRING RESPONSIVE PLEADING |
| 06/11/2014 | DOCUMENT RECEIVED STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF |
| 06/27/2014 | DOCUMENT RECEIVED DEFENDANT'S REPLY TO STATES RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF |
| 09/16/2014 | ORDER DENYING MOTION FOR POST-CONVICTION RELIEF |
| 09/26/2014 | MOTION FOR REHEARING |
| 10/10/2014 | MOTION FILED |
| 10/10/2014 | NOTICE OF APPEAL TO DISTRICT COURT |
| 10/10/2014 | REQUEST FOR DOCUMENTS |
| 10/13/2014 | RESPONSE |
| 10/16/2014 | APPEAL NOTE CERTIFIED NOTICE OF APPEAL |
| 10/16/2014 | CERTIFICATE OF CLERK |
| 10/16/2014 | NOTICE OF APPEAL TRANSMITTAL FORM |
| 10/16/2014 | SUMMARY LETTER |
| 10/17/2014 | 4TH DCA ACKNOWLEDGMENT |
| 10/30/2014 | ORDER STRIKING MOTION FOR REHEARING |
| 11/10/2014 | NOTICE OF INQUIRY |
| 12/05/2014 | MOTION TO CORRECT ILLEGAL SENTENCE - 3.800B2 |

# Supreme Court of Florida

Office of the Clerk
500 South Duval Street
Tallahassee, Florida 32399-1927

JOHN A. TOMASINO
CLERK
MARK CLAYTON
CHIEF DEPUTY CLERK
KRISTINA SAMUELS
STAFF ATTORNEY

PHONE NUMBER: (850) 488-0125
www.floridasupremecourt.org

## ACKNOWLEDGMENT OF NEW CASE

March 12, 2015

RE: LEVY BARRINGTON vs. STATE OF FLORIDA

CASE NUMBER: 15-455
Lower Tribunal Case Number(s): 4D14-3918 ; 562004CF002713A

The Florida Supreme Court has received the following documents reflecting a filing date of 3/12/15.

Notice of Appeal

The above listed notice has been treated as a Notice to Invoke Discretionary Jurisdiction.

The Florida Supreme Court's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

tw
cc:
HON. PAMELA JO BONDI
BARRINGTON LEVY
HON. JOSEPH E. SMITH, CLERK
HON. LONN WEISSBLUM, CLERK
HON. ROBERT RUSSELL MAKEMSON, JUDGE

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
ST. LUCIE COUNTY, FLORIDA

CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

CIRCUIT CRIMINAL

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 08/29/2007 | JURY VERDICT - JURY RETURNED AND ANNOUNCED THEY HAD REACHED A VERDICT OF: CT. 7 - GUILTY OF - POSSESSION OF A FIREARM AFTER BEING FOUND DELINQUENT, F.S.790.231 ,F2 AS CHARGED. JURY EXCUSED WITH THANKS. DEFENDANT REMANDED THE CUSTODY OF THE SHERIFF PENDING SENTENCING WITH NO BOND. PRESENTENCE INVESTIGATION WAS WAIVED AND SENTENCING SET FOR 9/14/07 AT 9:00 AM. (SQ/DC) |
| 08/29/2007 | ORDERS - ORDER RE: CLOSING ARGUMENT FILED |
| 08/31/2007 | MOTION FILED - MOTION IN LIMINE TO PREVENT POSSIBLE PROSECUTOR MISCONDUCT FILED BY ATTY CIENER |
| 09/07/2007 | NOTICE OF COURT - NOTICE OF COURT DATE FOR SENTENCING HEARING ON SEPTEMBER 14, 2007 AT 9:00 AM. FILED |
| 09/09/2007 | DOCUMENT RECEIVED - VERDICT FORM FILED |
| 09/11/2007 | NO INFO - ANTHONY IVORY - FAILURE TO APPEAR AS A WITNESS FOR THE DEFENSE FILED |
| 09/13/2007 | DOCUMENT RECEIVED - COPY OF NO INFORMATION (WITNESS-ANTHONY IVORY) SENT TO S/O |

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
ST. LUCIE COUNTY, FLORIDA

CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 09/14/2007 | 9:00 AM SENTENCING HEARING - DEFENDANT APPEARED IN OPEN COURT WITH ATTY CIENER AND ATTY FRANKOWSKI. ASA ROMERO AND ASA HENDRICKS PRESENT. LETTER FROM THE DEFENDANT READ TO THE COURT. STATE WITNESSES SWORN AND TESTIFIED WERE SW#1: SHERIFF KEN MASCARA, SW#2: DET. MARK COLANGELO, DW#3: OFF. MICHAEL COLTON. ADELA LEVY ADDRESSED THE COURT ON THE DEFENDANT'S BEHALF. DEFENDANT WAS ADJUDICATED GUILTY ON ALL COUNTS AND WAS SENTENCED ON CT.1 TO: FIVE (5) YEARS DEPARTMENT OF CORRECTIONS WITH 1176 DAYS CREDIT TIME SERVED, CT.2: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE TO CT.1, CT.3: LIFE IN PRISON WITH A TEN (10) YEAR MINIMUM MANDATORY WITH 1176 DAYS CREDIT TIME SERVED TO RUN CONCURRENT WITH CT.1, CT.4 & 5: LIFE IN PRISON WITH 1176 DAYS CREDIT TIME SERVED-BOTH TO RUN CONCURRENT WITH CT.1, CT.6: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE TO CT.2, CT.7: FIFTEEN (15) YEARS DEPARTMENT OF CORRECTIONS WITH NO CREDIT TIME SERVED TO RUN CONSECUTIVE WITH CT.6. $373.00 COURT COSTS, $24.00 COST OF PROSECUTION AND $50.00 COST OF INVESTIGATION TO THE SLCSO ORDERED AS A CIVIL LIEN. EM/DC **CLERK NOTE: CT.1 IS A F3 ON THIS CASE PER ASA ROMERO. |
| 09/14/2007 | DOCUMENT RECEIVED - CERTIFIED COPY OF UNIFORM COMMITMENT TO CUSTODY |
| 09/14/2007 | DOCUMENT RECEIVED - IN COURT DOCKET NOTES FOR 9/14/07, FILED |
| 09/14/2007 | FINAL JUDGMENT ORDER - RECORDED FINAL JUDGMENT FOR FINES, FEES, COSTS & ADDITIONAL CHARGES OR<br>BOOK 2852 & 722 |
| 09/14/2007 | JUDGMENT & SENTENCE FILED - OR BOOK 2882 PAGE 1356-1372 |
| 09/14/2007 | SENTENCING GUIDELINES - FILED |
| 09/14/2007 | Sentencing Hearing<br>DEFENDANT APPEARED IN OPEN COU |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 09/28/2007 | DOCUMENT RECEIVED - CERTIFIED COPY UNIFORM COMMITMENT TO CUSTODY |
| 09/28/2007 | MOTION FILED - MOTION TO WITHDRAW AS DEFENSE COUNSEL AND TO APPOINT PUBLIC DEFENDER FOR APPEAL FILED ATTY CIENER |
| 09/29/2007 | Document Received VERDICT FORM FILED |
| 10/01/2007 | ORDERS - ORDER OF INDIGENCY AND APPOINTMENT OF PUBLIC DEFENDER FILED |
| 10/08/2007 | PD AFFADAVIT GRANTED |
| 10/10/2007 | DOCUMENT RECEIVED - CY ORDER OF INDIGENCY AND APPOINTMENT OF PUBLIC DEFENDER RETURNED UNDELIVERABLE FILED |
| 10/12/2007 | NOTICE OF APPEAL - FILED BY ATTY CIENER |
| 10/15/2007 | APPEAL NOTE - LETTER W/CERT. COPIES OF NOA AND ORDER OF INDIGENCY TO DCA, AG, PD15 |
| 10/16/2007 | APPEAL NOTE - DESIGNATION OF RECORD TO COURT REPORTER |
| 10/16/2007 | APPEAL NOTE - DIRECTIONS TO THE CLERK |
| 10/16/2007 | APPEAL NOTE - MOTION FOR ORDER OF INDIGENCY AND APPOINTMENT OF THE PUBLIC DEFENDER OF THE NINETEENETH JUDICIAL CIRCUIT |
| 10/16/2007 | APPEAL NOTE - STATEMENT OF JUDICIAL ACTS TO BE REVIEWED |
| 10/17/2007 | APPEAL NOTE - ORDER OF INDIGENCY AND APPOINTMENT OF THE PUBLIC DEFENDER |
| 10/26/2007 | APPEAL NOTE - COURT REPORTER'S ACKNOWLEDGMENT |
| 10/29/2007 | 4TH DCA ACKNOWLEDGMENT - 4D07-4117 |
| 11/06/2007 | 4TH DCA ORDER - 11/01/07-COURT REPORTER'S REQ FOR EXT OF TIME TO FILE TRANSCRIPTS-GRANTED -EXTENDED TO & INCLUDING 12/21/07; ROA DUE 20 DAYS AFTER REC OF TRANCRIPT 4D07-4117 |
| 12/18/2007 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $5,616.00/P. KEY |
| 12/18/2007 | TRANSCRIPTS |
| 12/21/2007 | APPEAL NOTE - ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/11/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $162.00/KEY |
| 01/11/2008 | APPEAL NOTE - DESIGNATION OF PD15 FOR APPELLATE PURPOSES |
| 01/11/2008 | TRANSCRIPTS |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 01/14/2008 | 4TH DCA ORDER - 01/09/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 01/14/2008 | APPEAL NOTE - SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/14/2008 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT THE RECORD AND TOLL TIME |
| 01/29/2008 | APPEAL NOTE - LETTER TO CLERK FROM AG RE: BLANK CD (CORRECTED CD SENT 2/05/08) |
| 05/14/2008 | 4TH DCA ORDER - 05/12/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED |
| 05/14/2008 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT RECORD AND TOLL TIME |
| 06/03/2008 | APPEAL NOTE - COURT REPORTER'S ACKNOWLEDGMENT |
| 06/12/2008 | 4TH DCA ORDER - 06/09/08 - COURT REPORTER'S REQUEST FOR AN EXTENSION GRANTED TO AND INCLUDING 7/13/08 |
| 06/18/2008 | MOTION FILED - STIPULATED MOTION TO RELEASE EVIDENCE FILED |
| 06/19/2008 | ORDERS - ORDER TO RELEASE EVIDENCE GRANTED FILED |
| 06/24/2008 | RECEIPT - RECEIPT FOR EVIDENCE FILED |
| 07/16/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $634.50/THOMAS |
| 07/16/2008 | APPEAL NOTE - SECOND SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 07/16/2008 | TRANSCRIPTS |
| 12/05/2008 | 4TH DCA ORDER - 12/03/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 12/05/2008 | MOTION FILED - COPY OF UNOPPPOSED MOTION TO SUPPLEMENT RECORD AND TOLL TIME |
| 12/09/2008 | APPEAL NOTE - COPY OF STMT FOR TRANSCRIPTS - $180.00/THOMAS |
| 12/09/2008 | TRANSCRIPTS - MOTION TO SUPPRESS HEARING ON APRIL 25, 2007 |
| 12/11/2008 | APPEAL NOTE - THIRD SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |
| 01/02/2009 | 4TH DCA ORDER - 12/30/08 - APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT - GRANTED. |
| 01/06/2009 | APPEAL NOTE - COPY OF EXHIBIT LIST SENT TO 4TH DCA W/ORIGINAL EXHIBITS CHECKED AND NOTATION ON EXHIBITS RETAINED BY TRIAL COURT |
| 01/06/2009 | APPEAL NOTE - FOURTH SUPPLEMENTAL ROA TO DCA, AG, PD15, COPY OF INDEX |

# IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
# ST. LUCIE COUNTY, FLORIDA

## CASE HISTORY



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 01/07/2009 | MOTION FILED - COPY OF UNOPPOSED MOTION TO SUPPLEMENT THE RECORD ON APPEAL WITH THE ORIGINAL EXHIBITS AND TOLL TIME |
| 11/05/2009 | REQUEST - REQ FOR J&S BY DEFT SENT FILED |
| 01/31/2011 | MANDATE |
| 01/31/2011 | OPINION– AFFIRMED |
| 02/22/2011 | RECORD ON APPEAL RETURNED |
| 02/24/2011 | RETURNED 4TH SUPP. ROA-ALL EXHIBITS CHECKED RETURNED TO EVIDENCE CUSTODIAN |
| 02/24/2011 | TRANSCRIPTS |
| 04/21/2011 | REQUEST |
| 05/12/2011 | MOTION TO CORRECT ILLEGAL SENTENCE – 3.800A/ CC JUDGE/STATE |
| 05/16/2011 | MOTION TO CORRECT ILLEGAL SENTENCE – 3.800(A) |
| 06/06/2011 | MOTION TO CORRECT ILLEGAL SENTENCE – 3.800A2 BY DEFENDANT/ CC JUDGE AND STATE |
| 06/06/2011 | ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE AND ISSUING FRIVOLOUS AND ABUSIVE MOTIONS NOTICE |
| 07/01/2011 | DIRECTIONS TO THE CLERK |
| 07/01/2011 | MOTION FILED |
| 07/01/2011 | NOTICE OF APPEAL 4TH DCA |
| 07/08/2011 | SUMMARY LETTER |
| 07/27/2011 | 4TH DCA ACKNOWLEDGMENT |
| 03/06/2012 | REQUEST FOR MATERIALS |
| 10/01/2012 | 4TH DCA ORDER |
| 10/01/2012 | MANDATE |
| 10/01/2012 | OPINION– AFFIRMED |
| 11/02/2012 | CASE REOPENED FOR POST CONV RELIEF |
| 11/02/2012 | CIRCUIT JUDGE VAUGHN, DAN L: ASSIGNED |
| 11/02/2012 | MOTION FOR POST CONVICTION RELIEF FILED |
| 11/28/2012 | MOTION TO RE-FILE FOR POST CONVICTION RELIEF |
| 01/03/2013 | REQUEST FOR DISMISS OF MOTION |
| 01/18/2013 | REOPENED CASE CLOSED |
| 01/18/2013 | ORDER GRANTING: "REQUEST FOR DISMISS OF MOTION": AND DISMISSING: MOTION FOR POSTCONVICTION RELIEF |
| 01/25/2013 | CASE REOPENED FOR POST CONV RELIEF |
| 01/25/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 01/25/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 04/15/2013 | REOPENED CASE CLOSED |
| 04/15/2013 | ORDER DISMISSING MOTION FOR POSTCONVICTION RELIEF AND SUPPORTING MEMORANDUM OF LAW |
| 04/17/2013 | REQUEST DEFT |

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
ST. LUCIE COUNTY, FLORIDA

**CASE HISTORY**



BARRINGTON LEVY
1806 N LAKE DRIVE

FT PIERCE, FL 34982

D/L:
Race: BLACK
Sex: M
DOB: 02/01/1986

CASE NUMBER: **2004CF002713 A**

**CIRCUIT CRIMINAL**

Case ID: 999648

Judge: BELANGER, ROBERT E
Pros Attorney: ROMERO, BERNARD
Def Attorney:

**DOCKETS**

| DATE | DOCKET NOTES |
|---|---|
| 05/20/2013 | CASE REOPENED FOR POST CONV RELIEF |
| 05/20/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 07/24/2013 | ORDER REQUIRING RESPONSIVE PLEADING |
| 09/17/2013 | REQUEST |
| 09/17/2013 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF |
| 09/19/2013 | DOCUMENT RECEIVED- STATES RESPONSE TO DEFT MOTION FOR POST CONVICTION RELIEF |
| 10/09/2013 | MOTION FOR POST CONVICTION RELIEF FILED |
| 10/15/2013 | STATE'S SUPPLEMENTAL RESPONSE TO MOTION FOR POST CONVICTION RELIEF |
| 12/31/2013 | NOTICE |
| 01/22/2014 | REOPENED CASE CLOSED |
| 01/23/2014 | ORDER DISMISSING MOTION FOR POST-CONVICTION RELIEF |
| 03/19/2014 | MOTION FOR POST CONVICTION RELIEF |
| 03/28/2014 | DOCUMENT RECEIVED |
| 05/05/2014 | ORDER REQUIRING RESPONSIVE PLEADING |
| 06/11/2014 | DOCUMENT RECEIVED STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF |
| 06/27/2014 | DOCUMENT RECEIVED DEFENDANT'S REPLY TO STATES RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF |
| 09/16/2014 | ORDER DENYING MOTION FOR POST-CONVICTION RELIEF |
| 09/26/2014 | MOTION FOR REHEARING |
| 10/10/2014 | MOTION FILED |
| 10/10/2014 | NOTICE OF APPEAL TO DISTRICT COURT |
| 10/10/2014 | REQUEST FOR DOCUMENTS |
| 10/13/2014 | RESPONSE |
| 10/16/2014 | APPEAL NOTE CERTIFIED NOTICE OF APPEAL |
| 10/16/2014 | CERTIFICATE OF CLERK |
| 10/16/2014 | NOTICE OF APPEAL TRANSMITTAL FORM |
| 10/16/2014 | SUMMARY LETTER |
| 10/17/2014 | 4TH DCA ACKNOWLEDGMENT |
| 10/30/2014 | ORDER STRIKING MOTION FOR REHEARING |
| 11/10/2014 | NOTICE OF INQUIRY |
| 12/05/2014 | MOTION TO CORRECT ILLEGAL SENTENCE - 3.800B2 |

BARRINGTON LeVY C01276
Okeechobee C.I
3420 NE 168th St
Okeechobee, Fla
34972

Hasler
07/24/2015
US POSTAGE $005.75⁰
ZIP 34972
011D11649352

THIS MAIL ORIGINATED AT
OKEECHOBEE CORRECTIONAL
INSTITUTION

[illegible]
[illegible]
[illegible]

Southern District of Fla
Office of the Clerk Room 8N09
400 North Miami Ave
Miami Florida, 33128

BY ___

PRIORITY® MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008